**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0765-22

JOEY CUTRI,

     Plaintiff-Respondent,

v.

TEC-CAST, INC., ROBERT
MOREHARDT, JR., and
LYNNE BISS,

     Defendants-Appellants.

_____

> Argued March 12, 2024 – Decided April 18, 2024
>
> Before Judges Paganelli and Whipple.
>
> On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-8474-19.
>
> David M. Alberts argued the cause for appellants (McElroy, Deutsch, Mulvaney & Carpenter, LLP, attorneys; David M. Alberts, of counsel and on the briefs).
>
> Christopher P. Lenzo argued the cause for respondent (Lenzo & Reis, LLC, attorneys; Christopher P. Lenzo, of counsel and on the brief).

PER CURIAM

Defendants Tec-Cast, Inc., (Tec-Cast), Lynne Biss, and Robert Morehardt, Jr. appeal from a final judgment after a jury trial. We affirm.

Plaintiff Joey Cutri sued his former employer—Tec-Cast—his former immediate supervisor—Biss[1]—and the company's owner and CEO—Morehardt—under the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. 10:5-1 to -50. A jury found defendants discriminated against plaintiff when he was terminated while undergoing cancer treatment. Defendants Biss and Morehardt were also found individually liable for aiding and abetting the discriminatory conduct.

In November 2010, plaintiff was hired by Tec-Cast, a manufacturer and distributor of aluminum casings, as assistant comptroller. In his only written performance evaluation in 2017, plaintiff was described as excellent and was considered a candidate to eventually replace Biss after her retirement. In September 2018, plaintiff was promoted to comptroller and inherited Biss's responsibilities after she retired from her position as CFO. Biss continued to work for Tec-Cast on a part-time basis as an independent contractor.

---

[1] Biss was the company's Chief Financial Officer (CFO) and later a financial consultant. She is also plaintiff's mother-in-law.

A-0765-22

In December 2018, plaintiff was diagnosed with cancer. He disclosed his cancer diagnosis to his employer and Biss. According to plaintiff's wife, in early 2019, Biss remarked to her that plaintiff was "using his cancer as a crutch" and plaintiff only had a job because of Biss. In April 2019, Biss returned to the company's payroll as an employee and asked for all of plaintiff's work-related usernames and passwords. She also began excluding plaintiff from her conversations with Morehardt. By June 2019, plaintiff confronted Biss about the "cancer as a crutch" comment. In July 2019, plaintiff called Morehardt and expressed concern his job was at risk; plaintiff was especially concerned, given his upcoming cancer surgery and his wife's pregnancy. Morehardt assured plaintiff his job was secure.

In August 2019, plaintiff underwent cancer surgery and began a medical leave of absence to recuperate. Plaintiff texted Biss that his physician cleared him to return to work after Labor Day 2019, but he received no reply. A few days after the text was sent, plaintiff received a letter from Morehardt terminating his employment.

Morehardt decided that one of the two financial jobs at Tec-Cast, held by plaintiff and Biss, would be eliminated. Morehardt and Biss together, knowing

A-0765-22

plaintiff had cancer and was undergoing medical treatment, decided that Biss would remain, and plaintiff would be dismissed.

From 2016 to 2019, Tec-Cast's business also suffered a revenue decrease of eight percent due to the general economic environment. During this time, the company lost key employees to competitors, leading to its imminent closure, and forcing Tec-Cast to make financial decisions that allowed it to continue operations. Defendants assert this economic downturn led to the simultaneous elimination of five positions, including plaintiff's. Morehardt testified he preferred to keep Biss because she had more experience than plaintiff. Other employees also lost their positions at the same time as plaintiff.

Plaintiff sued, alleging he was terminated because of his cancer and subsequent medical leave, in violation of NJLAD. During discovery, defendants objected to plaintiff's reliance upon the Biss remark as evidence of discrimination, arguing plaintiff had not included it in his complaint or written discovery responses. However, the complaint plaintiff made to Biss about the remark was part of Biss's deposition; she related that plaintiff declared an unidentified third person told him Biss had made the remark. Plaintiff never amended his discovery responses to reference the alleged Biss remark or to identify the person who first reported the remark.

4

Plaintiff moved to amend his complaint five days before the discovery end date to include the alleged Biss remark, with a return date after the close of discovery. At that same hearing, plaintiff's wife was identified as the source for the Biss remark. The court denied the motion.

At the conclusion of discovery, defendants moved for summary judgment asserting: (1) plaintiff failed to proffer sufficient evidence from which a jury could reasonably find discrimination, and (2) plaintiff was unable to demonstrate individual liability. The motion judge denied summary judgment, determining it was a question for the jury to decide whether Biss uttered the remarks that plaintiff was using his illness as an "excuse" or "crutch" at work.

On the eve of trial, defendants moved in limine to bar plaintiff's wife from testifying. The court denied the motion citing defendants failed to depose plaintiff or plaintiff's wife, and failed to investigate the statement, despite Biss referencing it during her deposition. The court concluded defendants should have, but failed to, explore the Biss remark during discovery. At trial, the court allowed plaintiff's wife to testify Biss made disparaging remarks about plaintiff's cancer.

After a multi-day trial, the jury returned a verdict for plaintiff and awarded compensatory damages. On September 26, 2022, the court entered a final

5

judgment for a total amount of $611,795.91—$147,494 in past economic damages, $150,000 in past emotional damages, $287,953.31 in attorney's fees, and $26,348.60 in interest—against all defendants. This appeal followed.

On appeal, defendants first argue the motion judge erred by allowing testimony from plaintiff's wife about Biss's "crutch" remark; they also assert individual liability cannot be imposed against a primary decision maker under NJLAD. We find both arguments are unavailing.

I.

Defendants contend plaintiff used the discovery process to prejudice them, and argue the trial court's rulings on the Biss remark were contradictory and led to reversible error. We discern neither contradiction, nor error.

The motion judge denied plaintiff's motion for leave to amend the complaint to add allegations about the Biss remark, because plaintiff had known about the alleged comment prior to the end of discovery and had not acted on it. The judge determined allowing the late amendment would require reopening discovery, which would be substantially prejudicial to defendants. However, the motion judge did not bar the remark, because it had been uncovered during discovery and was, therefore, in the record.

Biss stated in her deposition that, during an argument, plaintiff accused her of saying "he used his illness as an excuse to get away with things," but that she "never said that." The parties disputed whether Biss made the remark; they did not dispute plaintiff made that complaint to Biss.

The motion judge relied on the alleged Biss remark, finding that the "record contain[ed] evidence that defendants chose [to terminate] plaintiff rather than [Biss] . . . because of plaintiff's cancer." The motion judge found the evidence of pretext included defendants having plaintiff replace Biss upon her retirement but "revers[ing] that decision after [plaintiff] developed cancer, complained about . . . Biss making remarks about him using his cancer as a crutch," and going on medical leave after undergoing surgery.

"[T]he decision to admit or exclude evidence is one firmly entrusted to the trial court's discretion." Estate of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 383-84 (2010). "If a witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences may be admitted if it: (a) is rationally based on the witness' perception; and (b) will assist in understanding the witness' testimony or determining a fact in issue." N.J.R.E. 701. Here, the trial judge stated, "there was nothing during the discovery period . . . that prevented the defendants from taking a deposition of the plaintiff's spouse or

A-0765-22

conducting any form of discovery as it relates to the illness as an excuse remark."

Additionally, the trial judge allowed plaintiff's spouse to testify because nothing precluded her from testifying as a lay witness with knowledge of the matter at hand pursuant to N.J.R.E. 701. We discern no abuse of discretion in these decisions.

## II.

Defendants next contend Morehardt cannot be individually liable as an aider and abettor because he was the sole person who eliminated plaintiff's position; Morehardt argues he cannot aid and abet his own conduct. He argues that an "alleged principal wrongdoer, cannot aid and abet his own wrongful conduct," and, thus, a principal wrongdoer cannot be liable under NJLAD. Newsome v. Admin. Off. of the Cts, 103 F. Supp. 2d 807, 823 (D.N.J. 2000). Morehardt asserts the claims against him should have been dismissed, and the verdict against him should be reversed. We disagree.

We reject these arguments because they overlook the full record and are unavailing. The record does not demonstrate Morehardt was acting alone. The trial court rejected this "sole person" argument when it denied defendants' summary judgment motion, concluding—based on the deposition testimony of both individual defendants as well as sworn interrogatory answers—there was

sufficient evidence that both individual defendants participated in the decision to dismiss plaintiff.

Additionally, at the conclusion of the trial, the judge charged the jury utilizing the New Jersey Model Civil Charge 2:22A for Individual Liability under the NJLAD:

> If you find that Tec-Cast has unlawfully discriminated against plaintiff, you must then consider whether Lynne Biss and Robert Morehardt should be held individually and personally responsible for aiding and abetting that discrimination.
>
> To hold either of these individuals liable, plaintiff must show that one, the individual defendant was generally aware of his or her role in the overall illegal, unlawful, and tortious activity at the time that he or she provided the assistance; and two, the individual defendant knowingly and substantially assisted Tec-Cast in discriminating against the plaintiff.
>
> You may consider the following five factors when deciding whether Lynne Biss or Robert Morehardt knowingly and substantially assisted Tec-Cast discrimination against plaintiff.
>
> One, the nature of the wrongful conduct incurred. Two, the amount of assistance the individual provided to Tec-Cast. Three, whether the individual defendant was present at the time that the discrimination occurred. Four, the individual defendant's relationship to anyone else involved in the discrimination. And five, the individual defendant's state of mind.

A-0765-22

> An[] individual defendant's failure to act so as to protect plaintiff or failure to respond effectively to plaintiff's complaints of discrimination is insufficient to conclude that the individual defendant provided substantial assistance to Tec-Cast so as to hold the individual defendant personally liable.

The "aiding and abetting" analysis under N.J.S.A. 10:5-12(e) requires a finding of "active and purposeful conduct." Tarr v. Ciasulli, 181 N.J. 70, 83 (2004). To support this finding, a plaintiff must demonstrate: (1) the party whom the defendant aids performed a wrongful act that caused an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; and (3) the defendant must knowingly and substantially assist the principal violation. Hurley v. Atl. City Police Dep't, 174 F.3d 95, 127 (3d Cir. 1999).

Defendants did not object to the Model Civil Charge. In addition, under those instructions and having considered the evidence, the jury returned a verdict finding individual liability for Morehardt as represented by the findings in the verdict sheet. We discern no reason to disturb the jury verdict.

Any remaining arguments raised by defendants are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION